# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| ASCIRA PARTNERS, LLC and | ) | |
| JOURNEYLITE OF CINCINNATI, LLC | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | No: _____ |
| | ) | |
| HOMELAND INSURANCE COMPANY | ) | |
| OF NEW YORK, | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

The Plaintiffs, Ascira Partners, LLC ("Ascira"), and JourneyLite of Cincinnati, LLC ("JourneyLite") (collectively, "Plaintiffs"), for their complaint against Homeland Insurance Company of New York ("Homeland"), state as follows:

## THE NATURE OF THE ACTION

1.      This action arises from Homeland's wrongful denial of insurance coverage to Plaintiffs for medical malpractice actions and a putative class action regarding surgeries performed at JourneyLite by Dr. Abubakar Durrani.

2.      Ascira paid substantial premiums for the professional liability insurance policy at issue to protect itself and its related entities, including JourneyLite, from allegations of wrongdoing, such as the alleged medical malpractice at issue.

3.      Homeland's failure to provide a defense to JourneyLite and its denial of coverage under the insurance policy at issue has damaged (and continues to damage) Plaintiffs and provides the basis for Plaintiffs' cause of action for breach of contract.

4.      JourneyLite and Ascira are also entitled to a declaration that Homeland must defend and indemnify JourneyLite and that Homeland's refusal to do so constituted a breach of the contract of insurance.

## PARTIES AND JURISDICTION

5.      Ascira is a Tennessee limited liability company with its principal place of business in Tennessee.

6.      JourneyLite is a Delaware limited liability company with its principal place of business in Ohio.

7.      Homeland is a New York corporation with its principal place of business in Massachusetts.

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, in that there is diversity of citizenship between Plaintiffs and Homeland and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Specifically, Homeland is a citizen of New York and Massachusetts; none of the members of Ascira or JourneyLite is a citizen or resident of New York or Massachusetts.

9.      This Court has personal jurisdiction over Homeland pursuant to Tennessee's long-arm statute, Tenn. Code § 20-2-214, because Plaintiffs' causes of action arise from Homeland's entry into a contract of insurance issued in Tennessee.

10.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

**A.      The Policy**

11.      Homeland issued a Medical Facilities – Primary Policy of Insurance to Ascira bearing Policy No. MFL-1842-13 (the "Policy") with effective dates July 1, 2013 to July 1, 2014. A copy of the Policy is attached hereto as **Exhibit A.**

- 2 -

7/3272659.1

12.     JourneyLite is an Insured under the Policy.  *See* Policy Endorsement 11: Additional Named Insured Entity Endorsement.

13.     The Policy insures Ascira and JourneyLite for "**Loss** that the **Insured** is legally obligated to pay as a result of a covered **Claim** for a **Professional Services Wrongful Act**." Policy I.(A).

14.     The term **Professional Services Wrongful Act** is broadly defined as "any actual or alleged act, error or omission, or series of acts, errors or omissions, by an **Insured** in rendering, or failing to render, **Professional Services**."  Policy II.(HH).

15.     The Policy provides that the insurer "has the right and duty to defend any **Claim** that is covered by" the Professional Services Liability portion "of this Policy, even if any of the allegations of such **Claim** are groundless, false or fraudulent."  Policy I.(F)

**B.     The *Arnold* Class Action and *McQueary* and *Brashear* Complaints**

16.     On September 19, 2013, JourneyLite was named as a defendant in a putative class action:  *George Arnold v. Alphatec Spine Inc., et al.*, Hamilton County Court of Common Pleas No. A 1305826 (the "*Arnold* Class Action").

17.     The *Arnold* Class Action Complaint alleges that Dr. Durrani misdiagnosed patients, performed unnecessary surgeries and negligently performed surgeries at JourneyLite, all of which caused or contributed to injuries and damages to the class of plaintiffs identified in the Complaint.

18.     Upon receipt of service of the *Arnold* Class Action Complaint, JourneyLite notified Homeland and requested a defense and indemnity pursuant to the terms of the Policy.

19.     By letter dated October 2, 2013, Homeland denied both coverage and a duty to defend the *Arnold* Class Action.

- 3 -

20.     In October 2013, JourneyLite was named as a defendant in *Tonia & John McQueary v. Abubakar Atiq Durrani, M.D.*, Butler County Court of Common Pleas Case No. CV 2013 10 2844 and in *Christina Brashear v. Abubakar Atiq Durrani, M.D., et al.*, Butler County Court of Common Pleas Case No. CV 2013 10 2845.

21.     As in the *Arnold* Class Action, the *McQueary* and *Brashear* Complaints assert that Dr. Durrani performed medically unnecessary surgeries and negligently performed surgeries on the plaintiffs.

22.     Plaintiffs tendered the *McQueary* and *Brashear* Complaints to Homeland seeking defense and indemnification.

23.     Homeland denied coverage and a duty to defend the *McQueary* and *Brashear* Complaints by letters dated November 6, 2013, and November 7, 2013, respectively.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

24.     Ascira and JourneyLite incorporate by reference paragraphs 1 through 23 above.

25.     The Policy insures Ascira and JourneyLite against professional liability claims.

26.     The *Arnold* Class Action and the *McQueary* and *Brashear* Complaints assert that Dr. Durrani performed medically unnecessary surgeries and negligently performed surgeries on the plaintiffs at JourneyLite.

27.     The *Arnold* Class Action and the *McQueary* and *Brashear* Complaints assert claims for Professional Services Wrongful Acts as defined in the Policy.

28.     Plaintiffs submitted a claim to Homeland pursuant to the Policy for defense and indemnity of the *Arnold* Class Action and the *McQueary* and *Brashear* Complaints.

29.     Homeland refused to honor the coverage obligations under the Policy.

- 4 -

30.     Homeland's refusal to honor the coverage obligations under the Policy is a breach of the duty owed to Plaintiffs under the Policy.

31.     Plaintiffs have sustained substantial damages as a direct and proximate result of Homeland's breach of the Policy, including deprivation of the benefits for which Plaintiffs paid substantial premium.

32.     Plaintiffs are entitled to judgment against Homeland resulting from its breach of the Policy, including Plaintiffs' attorneys' fees and costs incurred in defending the *Arnold*, *McQueary* and *Brashear* actions.

## COUNT II
## DECLARATORY JUDGMENT

33.     Plaintiffs incorporate by reference paragraphs the allegations in Paragraphs 1-32 of the Complaint.

34.     An actual and justiciable controversy exists between Plaintiffs and Homeland regarding Homeland's obligations under the Policy.

35.     Plaintiffs have demanded that Homeland defend and indemnify JourneyLite in the *Arnold* Class Action and the *McQueary* and *Brashear* actions.

36.     Homeland has wrongfully denied Plaintiffs' claim for coverage and defense under the Policy.

37.     Plaintiffs petition this Court to declare that Homeland has an obligation to defend JourneyLite in the *Arnold* Class Action and the *McQueary* and *Brashear* actions and indemnify JourneyLite in those actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request:

- 5 -

A.      Judgment for compensatory damages against Homeland in an amount to be shown at trial, including Plaintiffs' attorneys' fees and costs incurred in defending JourneyLite in the *Arnold* Class Action and the *McQueary* and *Brashear* actions;

B.      Judgment declaring that Homeland has an obligation to defend and indemnify JourneyLite in the *Arnold* Class Action and the *McQueary* and *Brashear* actions;

C.      Pre-judgment and post-judgment interest in the maximum amount permitted by law;

D.      Plaintiffs' attorneys' and costs incurred in bring this action;

E.      A jury trial on all issues so triable; and

F.      Any and all other relief to which Plaintiffs appear entitled.

Respectfully submitted,


*s/Russell B. Morgan*
Russell B. Morgan (No. 20218)
Heather Howell Wright (No. 30649)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee 37203
(615) 244-2582

*Attorneys for Plaintiffs Ascira Partners, LLC and*
*JourneyLite of Cincinnati, LLC*

7/3272659.1